IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                  2: 07 - cr - 406 MCE TJB

  vs.

EDUARDO ARELLANO-FELIX,

    Movant.                     FINDINGS AND RECOMMENDATIONS

_____/

## I. INTRODUCTION

Movant, Eduardo Arellano-Felix, seeks relief under 28 U.S.C. § 2255 from a sentence of 134 months imprisonment plus five years of supervised release after he pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine. Movant raises two issues in his section 2255 motion; specifically: (1) counsel was ineffective in failing to file a requested notice of appeal ("Claim I"); and (2) counsel was ineffective in negotiating a plea because "the factual evidence and video tape could prove that Petitioner had nothing to do with a conspiracy or possession of meth" (Dkt. No. 110 at p. 4) ("Claim II"). Respondent has filed an opposition which asserts that Movant waived his right to file a § 2255 motion and that his Claims are procedurally defaulted because he did not file a direct appeal. Alternatively, Respondent argues that Movant's Claims can be denied on the merits. For the

1

following reasons, Respondent should be ordered to file an answer as to Claim I. However, Claim II should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2009, Petitioner signed a plea agreement. He agreed to the following factual basis for his crime at the change of plea hearing:

> Beginning no later than July 10th, 2007 and continuing thereafter to on or about August 27, 2007, in the Eastern District of California, defendant Eduardo Arellano-Felix agreed with co-defendants Oscar Lopez, Jose Garcia Guzman, and Becky Martinez to distribute methamphetamine.
>
> The defendant, along with Oscar Lopez, agreed to distribute to Martinez and Guzman amounts of methamphetamine on a continuing basis for further distribution.
>
> In July and August 2007 in Stockton, California, under the direction of law enforcement, confidential source, CS, made controlled purchases of methamphetamine from the co-defendants Jose Garcia Guzman and Becky Martinez.
>
> The first was on July 10th for a small amount of methamphetamine. The second and third were on July 24, 2007, and were each for two-ounces of methamphetamine. The total was 82.9 grams of actual methamphetamine.
>
> On August 13, 2007, under the direction of law enforcement, the CS purchased one quarter pound of methamphetamine from the co-defendant Jose Garcia Guzman and co-defendant Bekcy Martinez. During this meeting, the CS inquired as to the ability of the defendant to obtain and sell him or her five pounds of methamphetamine. Guzman responded that it was no problem.
>
> On August 27, 2007, the CS requested to purchase from co-defendant Guzman five pounds of methamphetamine. On this day, surveillance observed Guzman and Martinez arrive at the Bandoni Avenue residence to pick up the methamphetamine. Officers saw another car leave the garage with defendant Arellano-Felix driving and the co-defendant Lopez in the passenger seat. With surveillance in tow, the four defendants, two in one car and two in the other, then drove to the Sunny Road residence in Stockton, California to complete the transaction with the CS.
>
> The defendant and Oscar Lopez were also there standing outside the house. The CS went into the residence, met with the two-codefendants, and observed five pounds of methamphetamine in a black bag on the kitchen table.

>The CS stated he/she had to retrieve the money to pay for the methamphetamine and left the residence. The CS then gave the arrest signal, and officers arrested the defendant and co-defendants, and, pursuant to a federal search warrant, seized the five pounds of methamphetamine from the residence.
>
>The five-pound substance tested positive for the presence of methamphetamine.
>
>During the arrest, law enforcement recovered a gun from the defendant's waistband.

(Dkt. No. 128 S.E.R. 2 at p. 13-15.)

Arellano-Felix entered a guilty plea on one count of conspiracy to distribute and to possess with intent to distribute methamphetamine. The district court filed its judgment against Arellano-Felix on August 5, 2009. In August 2010, Arellano-Felix filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In December 2010, Respondent filed its opposition to the § 2255 motion which sought to dismiss the motion based on waiver/procedural default or in the alternative deny the § 2255 motion on the merits.

### III. LEGAL STANDARD FOR § 2255 MOTION

A motion to vacate, set aside, or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2555 entitles a prisoner to relief if "the court finds . . . [t]here has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. See United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. See United States v. Howard, 381 F.3d 873,

3

877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). While a movant is not required to allege facts in detail, he must make factual allegations. See Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is only required if: (1) a movant alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the movant is entitled to no relief. See Howard, 381 F.3d at 877.

## IV.  DISCUSSION

### A.  Waiver and Procedural Default

Respondent argues that Arellano-Felix waived his right to file this § 2255 motion based on the plea agreement and/or that his Claims are procedurally defaulted because he did not file a direct appeal. In support of its waiver argument, Respondent cites to the plea agreement which stated the following:

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(Dkt. No. 100 at p. 9-10.)

Respondent asserts that the plea agreement precluded Arellano-Felix from bringing the instant § 2255 motion. Respondent's waiver/procedural default arguments should be rejected as to both Claims I and II.

In United States v. Sandoval-Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005), the Ninth Circuit held that:

> If a defendant, even one who has expressly waived his right to

4

> appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed assuming without deciding that hte petitioner's claim is true.

In Claim I, Arellano-Felix asserts that he told counsel that he wanted to file an appeal. Thus, based on Sandoval-Lopez, Arellano-Felix has not waived his right to raise Claim I in this § 2255 motion.

Additionally, Arellano-Felix did not waive Claim II by signing the plea agreement. An appeal or collateral attack waiver does not bar ineffective assistance of counsel claims associated with the negotiation of a plea agreement. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) ("a plea agreement that waives the right to file a federal habeas petition pursuant 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of that waiver"); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."). In Claim II, Movant argues at least in part that counsel was ineffective in negotiating the plea. Respondent recognizes this point in its opposition to the § 2255 motion. (See Dkt. No. 128 at p. 4 n. 1 ("A plea agreement 's waiver of the right to appeal or collaterally attack probably cannot waive the right to file a section 2255 motion asserting ineffective assistance of counsel.") Thus, Claim II was also not waived by the plea agreement.

Next, Respondent argues that Arellano-Felix procedurally defaulted his Claims by failing to raise them on direct appeal. (See Dkt. No. 128 at p. 8 ("Arellano-Felix may not now raise his claim by way of a section 2255 motion because he procedurally defaulted the claim by not presenting it on direct appeal.") However, the Supreme Court has stated that "ineffective-

5

assistance-of-counsel claim[s] may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Thus, Arellano-Felix's ineffective assistance of counsel claims are not procedurally defaulted due to his failure to raise them on direct appeal.

B.  Merits

Respondent argues in Part III of its opposition brief that Arellano-Felix's attorney was not ineffective. More specifically, Respondent states with respect to Claim I that:

> The defendant first asserts that his defense counsel rendered ineffective assistance of counsel by not filing an appeal. C.R. 119 at 3. Arellano-Felix, however, agreed to waive his appeal rights when he agreed to the plea bargain. S.E.R. 3 at 1. Even if the defendant could appeal, this experienced defense counsel believed that there were no reasonable grounds upon which to appeal based on his review of the evidence. Id. at 2. The defendant has failed to show that he was prejudiced by this decision as he did not/cannot prove that the result of the appeal would have been different.

(Dkt. No. 128 at p. 14.)

The Sixth Amendment guarantees effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating ineffective assistance of counsel. First, the petitioner must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See id. at 688. Petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. See id. at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the range of professional competent assistance. See id. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Second, a petitioner must affirmatively prove prejudice. See id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a

6

probability sufficient to undermine the confidence in the outcome." Id. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, __ U.S. __, 131 S.Ct 770, 792 (2011). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (citing Strickland, 466 U.S. at 697). In the context of showing prejudice in the context of counsel's performance during a movant's plea, "the defendant must show that there was a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

With respect to Claim I, Respondent's merits based argument should be rejected. As previously described, the Ninth Circuit has set out the applicable options that are available when a movant raises a claim of ineffective assistance of counsel for failing to file a notice of appeal after being told to do so; specifically: "[t]he district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." Sandoval-Lopez, 409 F.3d at 1198. However, before an evidentiary hearing should be set on Claim I, Respondent should be given the chance to file an answer to Arellano-Felix's § 2255 motion. This will give Respondent the opportunity to either oppose Claim I or state that it will allow the district court to vacate and reenter the judgment which would then allow Arellano-Felix to file a notice of appeal.[1]

---

[1] Respondent entitled his opposition to the § 2255 motion as a "Motion to Dismiss." Rather than set the evidentiary hearing, at this stage of the proceedings Respondent should be ordered to answer the § 2255 motion thereby giving it the opportunity to either (1) continue to oppose Claim I, or (2) state its non-opposition which would allow Arellano-Felix to file an appeal once judgment is re-entered.

7

With respect to Claim II, Movant states that, "counsel provided ineffective assistance when negotiated [sic] a plea and the factual evidence and video tape could prove that Petitioner had nothing to do with a conspiracy of possession of meth. Counsel negotiated a plea without factual basis for the plea as the police video tape shows Petitioner was not involved." (Dkt. No. 119 at p. 4.) Respondent argues that:

> First, defense counsel maintains that he indeed reviewed a disc of a confidential source meeting. S.E.R. 3 at 2. Second, if there were some other videotape at issue (a home monitor), defense counsel determined that it would not have helped his client based on the overwhelming evidence to the contrary. Id. Nevertheless, the defendant has failed to proffer what the video depicts to help his case. Lastly, defense counsel reviewed the factual basis with his client, and Arellano-Felix agreed that the events in fact happened and that he [the defendant] participated in the drug transaction. Id.

(Dkt. No. 128 at p. 15.)

Movant has failed to show that he is entitled to an evidentiary hearing on Claim II. His conclusory allegations regarding a purported video tape are unsupported by facts as to what this video tape purportedly shows and how it contradicts with Movant's sworn statements at the change of plea hearing. Arellano-Felix agreed with the factual basis which implicated him in the crime and which was read in open court. Conclusory allegations do not suffice to establish entitlement to relief under § 2255. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

Arellano-Felix's attorney also declared that he went over the factual basis as described in supra Part II with Arellano-Felix and that Arellano-Felix "agreed that those events happened and he, in fact, participated in the drug transaction." (Dkt. No. 128 S.E.R. 3 at ¶ 5.) Additionally, as previously stated, Arellano-Felix agreed with the factual basis at the change of plea hearing. The sworn statements by Arellano-Felix admitted his guilt and carry substantial weight in the assessment of the voluntariness of his plea as well as "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). While that presumption is not an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations

unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. (citations omitted). In this case, Movant's allegations which are raised as an ineffective assistance of counsel claim are contradicted by his sworn statements made in open court regarding his guilt. As previously stated, these sworn statements carry with them a strong presumption of verity and his conclusory allegations are insufficient to warrant ordering an evidentiary hearing on this Claim. Based on the foregoing, he fails to make the requisite factual showing sufficient to conduct an evidentiary hearing on Claim II. Therefore, Claim II should be denied.

## V.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent should be ordered to file an answer within thirty (30) days on Claim I.   Claim II should be denied.

The findings and recommendations contained herein are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 27, 2012

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE